IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY L. PERKINS, | : |
| | : |
| Petitioner | : |
| | : CIVIL NO. 1:11-CV-1260 |
| | : |
| v. | : Hon. John E. Jones III |
| | : |
| | : |
| WARDEN RONNIE HOLT, | : |
| | : |
| Respondent | : |

## **MEMORANDUM**

July 26, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Terry L. Perkins ("Petitioner" or "Perkins"), an inmate presently confined at the Federal Prison Camp Canaan ("FPC Canaan") in Waymart, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1.) He claims that he is actually innocent of the crime of Possession of a Firearm by a Convicted Felon to which he entered a guilty plea on March 14, 2000 and for which he was sentenced to 120 months concurrent to the statutory mandatory minimum sentence of 240 months he received on the same date following his entry of a guilty plea to one count of Possession with Intent to Distribute and Distribution of Cocaine Base. (*Id.* at

2, 4-7.)

Perkins has paid the required $5.00 filing fee.  (*See* Doc. 1-1.)  He also has filed a Motion for an Order directing Respondent to show cause why the Petition should not be granted.  (Doc. 2.)  For the reasons set forth below, the Petition will be dismissed for lack of jurisdiction, and the Motion for an Order to Show Cause will be denied as moot.

**I.      BACKGROUND**

Perkins previously filed a petition for writ of habeas corpus with this Court under the provisions of 28 U.S.C. § 2241.  (*Perkins v. Holt*, Civil No. 4:09-CV-2408.) In our June 28, 2010 Memorandum and Order denying his petition, we summarized the details of Perkins' previous criminal convictions and challenges to those convictions as follows:

> On July 31, 1989, Perkins was presented before the Superior Court of Connecticut, and charged with a violation C.G.S.A. § 21a-277(a). [footnote omitted] On the same day, the court appointed a public defender to Perkins. Two weeks later, on August 14, 1989, the appointment was revoked. Following the revocation of Petitioner's appointed counsel, a second public defender was appointed on August 28, 1989, who later withdrew with the permission of the court on September 11, 1989. On February 6, 1990, Petitioner, apparently still without counsel, entered a plea of guilty and received a sentence of seven years, execution suspended after three years and three years probation. Perkins served three months and was then placed on supervised release.
> On March 14, 2000, Perkins was sentenced in two separate cases in the United States District Court for the District of Connecticut. Perkins was sentenced to the statutory mandatory minimum of 240 months

2

>     following his guilty plea to one count of Possession with Intent to
>     Distribute and Distribution of Cocaine Base.
>         On that same date, but in a different case, the court also imposed a
>     120 month sentence on Perkins following his guilty plea and conviction
>     on one count of Possession of a Firearm by a Convicted Felon. Perkins
>     challenged these District of Connecticut convictions by filing a
>     direct appeal to the Second Circuit Court of Appeals on March 20, 2000.
>     On September 27, 2000, the Second Circuit affirmed the judgment of the
>     district court.
>         Thereafter, on July 9, 2001, Perkins filed a motion to vacate, set
>     aside, or correct sentence pursuant to 28 U.S.C. § 2255. On September 6,
>     2002, the motion was denied by the district court. Perkins' request for a
>     certificate of appealability was denied. On January 17, 2006, another
>     section 2255 motion was filed by Perkins. By order dated December 19,
>     2006, that motion was also denied.
>         On April 9, 2007, Perkins filed a Petition for Writ of Error Coram
>     Nobis. That petition was denied on July 25, 2007. Petitioner then filed a
>     Petition for Certification and this petition was denied on September 27,
>     2007.
>         On October 22, 2007, Perkins filed yet another section 2255
>     petition. That motion was denied on March 7, 2008.
>         On April 30, 2008, the district court issued an order denying
>     Perkins' motion for retroactive application of the sentencing guidelines
>     for crack cocaine offenses pursuant to 18 U.S.C. § 3582(c)(2). Perkins
>     appealed that order and [the] Second Circuit dismissed that appeal on
>     October 22, 2008. On May 6, 2009, Perkins filed a second motion for
>     reduction of his sentence. This motion was denied on November 2, 2009
>     because Perkins' sentence was not based on a sentencing range that was
>     lowered and a reduction in his sentence would not be consistent with the
>     United States Sentencing Commission's policy statements.
>         Perkins later filed a motion for sentence reduction pursuant to 18
>     U.S.C. § 3582(c)(a) and U.S.S.G. § 1B1.10 in light of the retroactive
>     amendment to the sentencing guidelines which reduces the base offense
>     levels for crack cocaine offenses. On January 12, 2010, Perkins' motion
>     was denied because he is ineligible for a reduction in sentence.

(*Id.*, Doc. 12 at 1-4.)

Perkins filed his previous habeas petition with this Court on December 21,

3

2009.  (*Id.*, Doc. 1.)  Perkins sought habeas relief based upon his claim that the sentence imposed by the United States District Court for the District of Connecticut was improperly enhanced by his uncounseled 1989 conviction in Connecticut state court.  After briefing of the issues by the parties, we denied the petition in our June 28, 2010 Memorandum and Order.  In our Memorandum, we explained that motions filed under the provisions of 28 U.S.C. § 2244 are the exclusive means by which a federal prisoner can challenge a conviction or sentence that is otherwise subject to collateral attack, and that a habeas petition under the provisions of section 2241 only can be entertained if the petitioner proves that the remedy provided by section 2244 is inadequate or ineffective to test the legality of his detention.  (*Id.*, Doc. 12 at 4-5.)  We then observed that Perkins had filed multiple section 2255 motions, all of which had been denied, and concluded that, to the extent that he alleged that the federal sentence he currently is serving was improperly enhanced by his previous conviction in Connecticut state court, he was not permitted to seek relief through a section 2241 petition.  (*Id.*, Doc. 12 at 5.)  We therefore denied the petition.  (*Id.*, Docs. 12, 13.)

Perkins appealed to the United States Court of Appeals for the Third Circuit, and in a Judgment entered on December 3, 2010, our Order was affirmed.  (*Id.*, Doc. 28.)  In its accompanying opinion, the Court reiterated that a habeas petition under the provisions of section 2241 only can be entertained if the petitioner proves that the

4

remedy provided by section 2244 is inadequate or ineffective to test the legality of his detention, and assessed Perkins' attempt to make that showing as follows:

> Perkins' situation is not the rare one rendering section 2255 inadequate or ineffective. Perkins has not been convicted of an offense that was later found to be non-criminal. Instead, Perkins raises arguments concerning his sentence that could have been raised at his federal sentencing proceeding, on direct appeal, or in his § 2255 motion. That Perkins has already unsuccessfully pursued a section 2255 motion in the sentencing court and now faces a statutory bar to filing another one does not show the inadequacy of the remedy.

(*Id.*, Doc. 29-1 at 3-4.) The Court then explained that, following a consideration of the record and Perkins' arguments in his memoranda in opposition to summary action, it concluded that no substantial question was presented by his appeal, and therefore summarily affirmed our judgment. (*Id.*, Doc. 29-1 at 4.)

In the instant Petition, Perkins alleges that he is actually innocent of the crime of Possession of a Firearm by a Convicted Felon to which he entered a guilty plea on March 14, 2000 in the United States District Court for the District of Connecticut. (Doc. 1 at 2, 4-7.) Specifically, he alleges that he is actually innocent because his core rights to vote, to serve on a jury, and to hold elective office, which were rights that he lost as a result of his Connecticut state conviction, were restored when he was discharged by the Connecticut Department of Corrections from his state sentence. (*Id.* at 4.) He also claims that his 1989 conviction for a violation of C.G.S.A. § 21a-277(a) did not involve a crime of violence and did not bar him from possessing firearms. (*Id.*

5

at 5.) He asserts that he is entitled to habeas relief because his conviction of Possession of a Firearm by a Convicted Felon has prejudiced him by rendering him ineligible for the "one year off for participation in the 'residential 500' hour drug program." (*Id.*)

## II.  DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions through Rule 1(b)). *See, e.g., Patton v. Fenton,* 491 F.Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself." *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied,* 400 U.S. 906 (1970). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Id.*

The proper method for an individual convicted in federal court to challenge the validity of his federal conviction and sentence is first to file a notice of appeal to the appropriate court of appeals. If an individual wishes to further challenge his federal conviction after the court of appeals has disposed of his appeal and his judgment of sentence has become final, the proper method to do so is to file a motion with the sentencing court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Motions filed pursuant to § 2255 are the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws, or that is otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 693 (3d Cir. 1954). Habeas relief under 28 U.S.C. § 2241 only is available if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *see also Okereke*, 307 F.3d at 120; *In re Dorsainvil*, 119 F.3d at 251.

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable

to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539. Rather, the "safety valve" provided under § 2255 is extremely narrow and has only been applied in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be noncriminal by a change in law. *Okereke*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d at 251). If a defendant improperly challenges his federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 Fed. Appx. 179, 180 (3d Cir. 2007).

Applying the foregoing principles here, we conclude that Perkins has not demonstrated that the filing of a § 2255 motion is an inadequate or ineffective means to raise the claim he raises in the instant Petition. In the instant Petition, Perkins claims that he is actually innocent of the crime of Possession of a Firearm by a Convicted Felon because the core rights that he lost as a result of his previous state conviction had been restored, and also that his previous conviction was not for a crime of violence and did not bar him from possessing firearms. (Doc. 1 at 2, 4-7.) However, Perkins does not claim that the conduct that resulted in his conviction for the offense of Possession of a Firearm by a Convicted Felon was rendered non-criminal by a change in the law that occurred after he filed his previous § 2255

8

motions such that he would be entitled to pursue habeas relief through the instant Petition. *See Okereke*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d at 251). The United States Court of Appeals for the Third Circuit Court has held that, where a petitioner had a reasonable opportunity to raise his claim of actual innocence in a § 2255 motion before the sentencing court, and the claim is not based on an intervening change in the law that would render the conduct for which he was convicted noncriminal, a § 2255 motion would not be an inadequate or ineffective means to challenge his conviction. *See Russell v. Pugh*, 143 Fed. Appx. 408, 410 (3d Cir. 2005).

Moreover, the mere fact that Perkins either chose not to pursue the instant claim in his previous § 2255 motions, or raised the claim and was denied relief, and the fact that the deadline to file such a motion has long expired, are insufficient reasons to allow him to pursue habeas relief in this Court at this time. *See Cradle*, 290 F.3d at 539. Accordingly, we conclude that we lack jurisdiction to entertain the instant Petition, and the Petition will be dismissed accordingly. Perkins' Motion for an Order to Show Cause also will be denied as moot. An appropriate Order will enter.